OPINION
Nancy I. Jones and Jeffrey T. Jones have cross-appealed the trial court's November 29, 1999 decision and judgment of divorce. The magistrate held a hearing on May 11, 1999 and June 18, 1999 to determine whether a common law marriage existed and to settle property issues. On September 10, 1999, she rendered a decision finding a common law marriage commenced in May of 1990, and dividing the property and debts of the parties. Both parties filed objections to the magistrate's decision, but it was adopted by the trial court with very minor modifications.
In her appeal, Nancy raises the following assignment of error:
 The trial court committed an abuse of discretion when it divided the property and failed to consider certain marital assets.
 Jeff raises the following two assignments of error in his appeal:
I. The trial court erred in finding that the parties entered into a common-law marriage on May 1, 1990.
II. The trial court erred in distributing the parties' assets and calculating spousal support based upon the date of the alleged common-law marriage.
 I
We will first address Jeff's assignments of error to determine if the trial court was correct in finding May 1, 1990 as the commencement date of the marriage. Jeff alleges that the trial court erred in finding that a common law marriage existed prior to their ceremonial marriage. As a result, he believes the property division should be adjusted to reflect a beginning marriage date of April 6, 1996, the date of the ceremonial marriage.
In order to find the existence of a common law marriage, the following elements must be shown by clear and convincing evidence: "(1) an agreement of marriage in praesenti; (2) cohabitation as husband and wife; and (3) a holding out by the parties to those with whom they normally come into contact, resulting in a reputation as a married couple in the community." State v. DePew (1988), 38 Ohio St.3d 275, 279, citingNestor v. Nestor (1984), 15 Ohio St.3d 143, 145. The agreement of marriage in praesenti is a meeting of the minds of the parties to presently take each other as husband and wife. Nestor, supra, at 146. It can be proven by direct evidence or by showing cohabitation and statements and conduct of the parties demonstrating their status in the community as a married couple. Id. When there is no direct proof, cohabitation and reputation in the community can raise an inference of marriage with varying levels of strength depending on the circumstances of the case. Id. For instance, lengthy cohabitation and reputation of living as husband and wife strengthens this inference. Id.
At the hearing, the magistrate heard testimony from the parties, as well as a friend of the couple and Nancy's sister. The testimony was undisputed that the couple had cohabitated since 1987. Both the friend and the sister testified that they thought the couple had been married since the late 1980's. In addition, they had both heard the couple refer to each other as husband and wife well before their ceremonial marriage in 1996.
Other evidence presented at trial is somewhat conflicting as to when the couple was married. First, Nancy and Jeff are both listed on a mortgage deed in 1994 as unmarried. This property is where the couple built their marital residence. In addition, Jeff pointed out at the hearing that Nancy did not begin using the name Jones or wear a wedding band until their marriage ceremony in 1996.
On the other hand, both Nancy and Jeff admitted at the hearing that they had a joint checking account beginning in 1990, and had been filing taxes jointly as husband and wife since 1991. But the most revealing piece of evidence is an affidavit signed by the parties on May 17, 1991. This affidavit states: "We, Jeffrey T. Jones and Nancy I. Lewis, being duly sworn, state that for all purposes we are common law husband and wife . . .," and it provides the common law marriage began on May 1, 1990. Further, it declares that an agreement exists between them to live as husband and wife, and they acknowledge that they would be required to use appropriate legal proceedings for divorce in order to end the marriage. Jeff argues that this affidavit was signed solely to obtain employee medical benefits for Nancy. However, at least one court has found that an affidavit signed by the parties under oath indicating they have established a common law marriage is clear and convincing proof that a meeting of the minds existed. Matter of the Estate of Schilling (April 6, 1992), Licking App. No. CA-3672, unreported, at p. 5.
There is some dispute as to our standard of review of the trial court's decision regarding common law marriage. Nancy submits that an abuse of discretion standard is proper, and cites In re Shanyfelt (1997),118 Ohio App.3d 243, 249 for support. We disagree. Although some courts have used the abuse of discretion standard, we find the manifest weight standard is more appropriate. See Howard v. Howard (March 20, 1998), Montgomery App. No. 16542, unreported; Matter of Wight (Aug. 14, 1998), Clark App. No. 97-CA-0104, unreported (Brogan, J., concurring). Accordingly, we must review all of the evidence, and after giving due deference to the factual findings of the trial court, determine if we are persuaded by clear and convincing evidence that a common law marriage existed. Howard, supra, at p. 1. Reversal is only appropriate if we find that the trial court lost its way when making its factual findings.Id., at p. 2, citing State v. Hufnagel (Sept. 6, 1996), Montgomery App. No. 15563, unreported, at p. 17. After reviewing the transcript and giving appropriate deference to the trial court's conclusion, we do not find that the facts of this case weigh heavily against the judgment. A judgment supported by some competent, credible evidence going to all the elements of the case will not be reversed as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co., (1978),54 Ohio St.2d 279. Therefore, Jeff's first assignment of error is overruled.
Moreover, Jeff's second assignment of error requesting the property division be modified to reflect a different commencement date of the marriage is predicated upon the outcome of the first assignment. Because we have overruled the first, the second assignment of error is also overruled.
 II
Nancy argues that the magistrate awarded several items to Jeff without specifically designating them as separate property, and without giving her any offset in the marital property division. The items in question are as follows:
Item Purchase price Year purchased
Combine $55,000 1985
Field planter 25,000 (still owe $20,000)1998
Grain cart 400 1996
Rotary hoe 300 1997
Field cultivator 4500 1997
Dump truck 1200 1993
`79 truck 2500 1986
`80 Chevy truck 9300 1985
Snow plow 1500 early 1980's
Snow plow 1500 early 1980's
When reviewing a division of marital property, an appellate court is limited to determining whether, after examining the totality of the circumstances, the trial court abused its discretion in formulating the award. James v. James (1995), 101 Ohio App.3d 668, 680. An abuse of discretion indicates that a court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "Moreover, a reviewing court should not review discrete aspects of the property division out of the context of the entire award, but should consider the distribution within the context of the entire award."James, supra. After reviewing the property settlement as a whole, we do not find the trial court abused its discretion.
The parties own the marital real estate, a timeshare, several vehicles and personal property, and have incurred a large amount of debt. The magistrate awarded the marital home to Jeff, but also assigned him all of the associated debt, amounting to at least the value of the home. Nancy was only assigned the debt of two credit cards, one containing mostly her dental bills, the other her attorney fees. Further, the timeshare was awarded to Jeff, and he was ordered to pay Nancy half of the value. Nancy was awarded a 1984 Oldsmobile and Jeff was awarded a 1971 dump truck that is not running and a 1970 Dodge truck. Finally, Nancy was ordered to divide all of the personal property into two lists and Jeff was allowed first choice of which list he wanted.
Initially, we notice that only five of the items Nancy is challenging were purchased during the marriage: the field planter, grain cart, rotary hoe, field cultivator and the dump truck. All of these items were acquired for use in the businesses owned by Jeff and his brother, a farming business and a snow removal business. Since some equipment for both businesses was purchased several years prior to the marriage, these businesses apparently pre-dated the marriage. Trial testimony did not disclose whether this equipment was purchased with business funds or marital funds. Further, there was no evidence presented that the value of these businesses increased during the marriage. In fact, testimony revealed very little net gain for the snow removal business, and a loss for the farming business.
When considering the totality of the couple's assets and debts, it appears that the trial court formulated an equitable property settlement. We do not find that the court's decision to award the business property outright to Jeff was an abuse of discretion. Accordingly, Nancy's sole assignment of error is overruled.
Judgment affirmed.
GRADY, P. J., and FAIN, J., concur.